# WILLIAM H. STUART

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

1.  CRIMINAL LAW—*reasonable doubt.*   Where the evidence leaves a rea-
sonable doubt on the mind as to whether a defendant is guilty, under the
evidence, of the technical crime with which he is charged, although his
conduct may show but little less turpitude than crime itself, he should not
be convicted.

2.   Where the evidence against a defendant indicted for the larceny of a
horse shows that what he did was done openly, in the presence of other per-
sons known to the party having the horse in his possession, but not under
circumstances that would warrant the belief it was larceny, such evidence
tends to prove that the offense was nothing graver than an aggravated tres-
pass.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. EUSTACE, BARGE & DIXON, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The crime for which the accused was indicted and convicted was the larceny of a horse. On the trial, he endeavored to prove he had traded for the horse with the son of the owner, who had the temporary possession. Whether the pretense of trading horses was a colorable device, resorted to by defendant to enable him to steal the horse with impunity, was purely a question of fact, and upon this point the decision of the case turns. On this question the evidence is contradictory in the extreme. It can not all be true.

That the accused was guilty of outrageous conduct in the manner of obtaining the horse, and in concealing it from the true-owner, when he sought to regain the possession, does not admit of a doubt; but whether the evidence shows he was guilty of larceny beyond a reasonable doubt, is a much more serious question.

It is contended the transaction, at most, was a trespass, but it has so many elements of crime it is difficult to define its character—whether it was trespass or larceny. There is some evidence tending to show there may have been a trade made of the horses, although defendant resorted to the most reprehensible means to effect it; but this view can hardly be maintained. No element of good faith appears. If the taking was not larceny, it was an aggravated trespass—but little less in turpitude than crime itself.

We have examined with care the entire evidence, but are not satisfied the accused was guilty of the technical crime of larceny. What he did was done openly, in the presence of other persons known to the party having the horse in his possession, but not under circumstances that would warrant the

belief it was robbery. This fact tends to prove it was no graver offense than an aggravated trespass. The evidence, to say the least of it, leaves a reasonable doubt on the mind of the guilt of defendant of the technical crime of larceny, with which he was charged, and where that is the case, the prisoner is entitled to a new trial.

There was no error in the instructions, when construed together. They were as liberal in favor of defendant as he had any right to ask or expect. The court, at his instance, charged the jury that, in all cases where a party, in good faith, takes another's property under claim of title in himself, he is exempt from the charge of larceny, however puerile, or unfounded, or mistaken, the claim may be; and further, if he, in good faith, took the horse in question, under the belief that he had traded for it with a person who had apparent right to trade with him, then the law is, he is not guilty, although no such trade had, in fact, been made. Under the evidence in this case, the court would not have been warranted in stating the law more favorably for the accused. The difficulty is, whether the taking had the element of good faith which is indispensable to relieve the the party charged of the crime of larceny.

We have examined the refused instructions, and whatever propositions of law they contain applicable to the case were embodied in other charges given. The court was not bound to repeat them.

For the reasons indicated, the evidence leaves it doubtful whether defendant was guilty of larceny or only a trespass. We are of opinion the judgment should be reversed, and the cause remanded, that the defendant may have a new trial.

*Judgment reversed.*

Mr. JUSTICE CRAIG: I do not concur with a majority of the court in reversing the judgment in this case. In my judgment, the evidence was ample to justify the verdict of the jury.